IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  06-cv-01343-WYD-CBS

KIMBERLY ADAIR,

      Plaintiff,

v.

EL PUEBLO BOYS' & GIRLS' RANCH, INC. LONG TERM DISABILITY PLAN,

      Defendant.

_____

**ORDER**
_____

      THIS MATTER is before the Court on Plaintiff's Motion to Strike Defendant's Motion for Judgement on the Administrative Record and Plaintiff's Motion to Stay All Briefing Regarding Defendant's Motion for Judgement on the Administrative Record (both filed September 11, 2007).  Responses to these motions were filed on September 12, 2007.  Plaintiff filed a reply to the motion to strike on September 18, 2007.  I first address the motion to strike.

      Plaintiff's motion seeks to strike Defendant's Motion for Judgment on the Administrative Record on the basis that the ERISA statute, regulations, and Federal Rules of Civil Procedure do not allow for a motion for judgment on the administrative record.  Plaintiff also argues that Defendant is urging a de novo review by the Court which requires the Court to make factual findings.  Rule 52 is the only vehicle allowing a court to decide issues of disputed facts according to Plaintiff, and it only applies when a case is tried upon the facts without a jury or with an advisory jury.  In this case,

Plaintiff asserts that she has demanded a jury trial, Defendant has not moved the Court to strike the jury demand, and Defendant's motion would deprive Plaintiff of her rights under the Seventh Amendment to such a trial.  Since Plaintiff has not consented to a trial to the court, is bringing legal claims, and the court has not found that the right of trial by jury does not exist, Plaintiff argues that Defendant's motion is, at best, premature, and at worst, frivolous.  Accordingly, she requests that Defendant's motion be stricken.

I find that Plaintiff's motion to strike should be denied.  This claim arises from Plaintiff's claims pled under ERISA; specifically, that Defendant wrongfully denied her application for long term disability benefits.  The Tenth Circuit has held that even where de novo review is sought in an ERISA case, the review of a wrongful denial of benefits is generally addressed on the administrative record.  *See Schwob v. Standard Ins. Co.*, ___ F.3d ___, 2007 WL 2562450, at *2 (10th Cir. 2007); *Gilbertson v. AlliedSignal, Inc.*, 172 Fed. Appx. 857, 860, 2006 WL 775171 (10th Cir. 2006); *see also Weber v. GE Group Life Assur. Co.*, ___ F. Supp. 2d ___, 2007 WL 764288, at *1 (in ERISA case, "the court is conducting an administrative review, much like cases under the Administrative Procedures Act").  Indeed, courts routinely decide ERISA cases on motions for judgment on the administrative record.  *See, e.g., Schwob*, 2007 WL 2562450; *Fendler v. CNA Group Life Assur. Co.*, ___ F.3d ___, 2007 WL 2623201 (6th Cir. 2007); *Morales-Alejandro v. Medical Card Sys., Inc.*, 486 F.3d 693 (1st Cir. 2007).

A court is permitted to supplement the record only "'when circumstances clearly establish that additional evidence is necessary to conduct an adequate *de novo* review

of the benefits decision.'" *Ray v. Unum Life Ins. Co. of Am.*, 224 Fed. Appx. 772, 779,

2007 WL 915076 (10th Cir. 2007) (quoting *Hall v. Unum Life Ins. Co. of Am.*, 300 F.3d

1197, 1202 (10th Cir. 2002)). "'[I]t is the unusual case in which the district court should

allow supplementation of the record.'" *Id.* (quoting *id.*)

In this case, it appears from Defendant's response to the motion to strike that

Plaintiff has not taken any discovery.  Further, Plaintiff has not shown circumstances

which establish that additional evidence is necessary, or presented any additional

evidence to the Court that she believes must be considered.  Absent such a showing, it

appears at this time that Defendant's motion to have the case decided on the

administrative record may properly be considered by the Court.  If Plaintiff believes that

there are any circumstances that would warrant consideration of additional evidence

beyond the administrative record, she can raise this in her response to the Motion for

Judgment on the Administrative Record.  *See Hall*, 300 F.3d at 1203 ("the party

seeking to supplement the record bears the burden of establishing why the district court

should exercise its discretion to admit particular evidence by showing how that

evidence is necessary to the district court's de novo review").[1]

I also reject Plaintiff's argument that she is entitled to a jury trial in this case, and

that such a right precludes consideration of Defendant's motion.  "The general rule in

ERISA cases is that there is no right to a jury trial because 'ERISA's antecedents are

---

[1]  I also find that Plaintiff's argument in her reply brief that there is no administrative record in this case to review and/or that the entity that compiled the record had no authority to do so can and should be addressed in her response to the Motion for Judgment on the Administrative Record.

equitable', not legal." *McDougall v. Pioneer Ranch Ltd. Partnership*, 494 F.3d 571, 576 (7th Cir. 2007) (quoting *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 348 (1998) (further quotation omitted)).  While some claims have been characterized by courts as legal even though they are sought under ERISA, I find that Plaintiff's claims do not fall within that category.

First, as noted by the Tenth Circuit in *Adams v. Cyprus Amax Minerals Co.*, 149 F.3d 1156, (10th Cir. 1998), a claim for benefits under an ERISA plan is not properly characterized as monetary damages.  *Id.* at 1161.  Instead, such a claim is "inextricably intertwined with equitable relief" as it is tied to an eligibility determination and "is analogous to an action to enforce a trust."  *Id.* at 1161-62.  Second, the Supreme Court has made clear that "only equitable relief is available under § 502(a)(3)", which would appear to encompass Plaintiff's claims for injunctive and other equitable relief.  *See Millsap v. McDonnell Douglas Corp.*, 368 F.3d 1246, 1251 (10th Cir. 2004) (citing *Mertens v. Hewitt Assoc.*, 508 U.S. 248 (1993) and *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002)).[2]

Accordingly, I find that this case involves equitable claims under ERISA that can appropriately be addressed on a motion for judgment on the administrative record. Plaintiff's "Motion to Strike Defendant's Motion for Judgement on the Administrative Record" is thus denied.

---

[2] While Plaintiff relies on *Great-West*, *Millsap*, and other authority in support of her argument, those cases are distinguishable.  For example, in *Great-West*, the petitioners sought "to impose personal liability on respondents for a contractual obligation to pay money-relief [based on a settlement of respondents' tort action] that was not available typically in equity."  *Id.*, 534 U.S. at 712-13.  In *Millsap*, the plaintiffs primarily sought monetary damages in the form of backpay, also a legal remedy.  *Id.*, 368 F.3d at 1248 and n. 1.

I now turn to Plaintiff's "Motion to Stay All Briefing Regarding Defendant's Motion for Judgement on the Administrative Record". The motion sought to stay briefing pending resolution of the motion to strike. That motion is denied as moot as the briefing was essentially stayed per Minute Order of September 12, 2007, and I have now issued a ruling on the motion to strike. Plaintiff shall file a response to the Motion for Judgment on the Administrative Record within 20 days of the date of this Order. Defendant shall file a reply within 15 days of the filing date of Plaintiff's response brief.

In conclusion, it is

ORDERED that Plaintiff's "Motion to Strike Defendant's Motion for Judgement on the Administrative Record" (# 48) is **DENIED**. It is

FURTHER ORDERED that Plaintiff's "Motion to Stay All Briefing Regarding Defendant's Motion for Judgement on the Administrative Record" (# 49) is **DENIED AS MOOT**. Finally, it is

ORDERED that Plaintiff shall file a response to the Motion for Judgment on the Administrative Record within 20 days of the date of this Order. Defendant shall file a reply within 15 days of the filing date of Plaintiff's response brief.

Dated: September 21, 2007

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge