IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  06-cv-01343-WYD-CBS

KIMBERLY ADAIR,

    Plaintiff,

v.

EL PUEBLO BOYS' & GIRLS' RANCH, INC. LONG TERM DISABILITY PLAN,

    Defendant.

_____

**ORDER**
_____

    THIS MATTER is before the Court on Plaintiff's Motion to Set the Matter for Trial to the Court and to Terminate Briefing Regarding Defendant's Motion for Judgment on the Administrative Record ["Plaintiff's Motion to Set"].  Among other things, Plaintiff's Motion to Set accuses the Court of violating her procedural due process rights by striking her response to Defendant's Motion for Judgment on the Administrative Record.  The motion also informs the Court that it "may not ignore the Federal Rules of Evidence merely because the Court is the fact finder", and "insists" that her case be heard in open court at a trial.  Pl.'s Mot. to Set at 6-7.

    More specifically, Plaintiff first contends that the Court acted unfairly in striking her response brief because the case cannot be addressed adequately in 15 pages.  In fact, Plaintiff contends that the case cannot adequately be addressed on the briefs and that she should get a trial to the Court.  I find Plaintiff's arguments both unpersuasive and inappropriate as to content and tone.  Plaintiff criticizes the Court when it is her

counsel's failure to follow the Court's Practice Standards and prior Orders that is the problem at issue here.

This motion follows a series of other motions and/or objections to Defendant's Motion for Judgment on the Administrative Record related to Plaintiff's ERISA claim. By Order of September 21, 2007, I denied Plaintiff's Motion to Strike Defendant's Motion for Judgment on the Administrative Record and Plaintiff's Motion to Stay All Briefing Regarding Defendant's Motion for Judgment on the Administrative Record. The Order explained that Plaintiff is not entitled to a jury trial in connection with Plaintiff's ERISA claim, that ERISA cases are normally decided on the administrative record, and that Plaintiff had not shown circumstances which establish that consideration of evidence outside the record is proper.  Despite Plaintiff's lack of any showing that evidence outside the record should be considered, the Order gave Plaintiff the opportunity to brief this in her response to Defendant's Motion for Judgment on the Administrative Record.  Order of September 21, 2007, at 3.

Plaintiff submitted her response brief on the deadline provided by the Court in its Order.  However, the brief was 37 pages long.  This Court's Practice Standards limit the text of both opening and response briefs to 15 pages, but provide a litigant the opportunity to seek permission to file briefs exceeding the page limits where extraordinary circumstances compel briefs of a greater length.  *See* Practice Standards, Section II.C,  Plaintiff's counsel chose to file a lengthy brief without seeking leave to exceed the page limits, presumably based on ignorance of the Court's Practice Standards.  Yet counsel now improperly attacks the Court for striking his response.

Plaintiff and her counsel shall familiarize themselves with the Court's Practice Standards.  If Plaintiff wishes to file a brief that exceeds the page limits, she must file a motion seeking permission of the Court to do so as required by those standards.

I also find it is improper for Plaintiff to use the striking of her response as yet another attempt to circumvent my prior order that briefing on the Motion for Judgment on the Administrative Record occur.  Plaintiff was ordered to respond to the motion in the September 21, 2007 Order, and her attempts to stay briefing on the motion were denied.  Plaintiff was told in that order that she could make any arguments in the response as to why additional evidence beyond the administrative record could be considered.  Presumably, Plaintiff should know or at least could infer from that order that she can also brief in the response all arguments as to why judgment on the record is not proper in this case.  This would encompass all the arguments made in the current motion.

Based on the foregoing, I deny Plaintiff's request in her motion to terminate the briefing regarding Defendant's Motion for Judgment on the Administrative Record.  Plaintiff's response brief is due within seven (7) days of this Order.  As to the portion of the motion that seeks to set the matter for trial to the Court, this is denied without prejudice.  As stated above, any arguments that Plaintiff wishes to make as to why the case should not be decided on the Motion for Judgment on the Administrative Record must first be raised in the briefing on that motion.  If Defendant's Motion for Judgment on the Administrative Record is denied, Plaintiff can then refile a request to set the matter for trial to the Court.

In conclusion, it is

ORDERED that Plaintiff's Motion to Set the Matter for Trial to the Court and to Terminate Briefing Regarding Defendant's Motion for Judgment on the Administrative Record (filed October 12, 2007) is **DENIED WITHOUT PREJUDICE** as to the request to set the matter for trial and **DENIED** as to the request to terminate briefing on the Motion for Judgment on the Administrative Record.

Dated:  October 12, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge