IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 06-cv-01343-WYD-CBS

KIMBERLY ADAIR,

    Plaintiff,

v.

EL PUEBLO BOYS' & GIRLS' RANCH, INC. LONG TERM DISABILITY PLAN,

    Defendant.
_____

**ORDER**
_____

    THIS MATTER is before the Court on Plaintiff's Motion to Reopen Case After the Plan's Final Decision on Remand filed June 2, 2010. Plaintiff seeks therein to reopen this case for review of the proceedings under remand from this Court. A response was filed on July 6, 2010, and a reply was filed on July 26, 2010.

    By way of background, on March 20, 2008, I issued an Order in this ERISA case finding that the Plan Administrator rejected Plaintiff's claim for long term disability benefits without a substantial basis to do so. The Order remanded the case to the Administrator for further fact finding and dismissed the case without prejudice. Judgment was entered the next day, on March 21, 2008.

    Plaintiff asserts in her motion that neither the Plan Administrator, El Pueblo Boys' & Girls' Ranch, the insurer of the Plan nor Disability RMS, which made the decision to deny benefits, took any action to comply with the Court's Order. Instead, assuming the role of claim reviewer, Plaintiff asserts that AIG failed to review the evidence and make

even a partial determination of her claim until October 15, 2008, then made only a partial determination of Plaintiff's right to benefits (that she is entitled to benefits only from December 30, 2002 through December 30, 2005), despite having all of the documents necessary to decide the entire claim.

Plaintiff further asserts that AIG did not issue a check for the partial benefits awarded in October until December of 2008, conducted no further analysis of Plaintiff's claim until a full year later, in October of 2009, failed to issue a final decision until December 29, 2009, did not issue a check for benefits which accrued between December 30, 2004 and December 29, 2005 until December 29, 2009, and issued a final denial of Plaintiff's claim for benefits accruing after December 30, 2005 based solely on an analysis of total disability when the Plan also pays benefits for partial disability, for which she remains qualified. Based on the foregoing, Plaintiff seeks an order reopening the case for a determination that she is entitled to disability benefits beyond December 30, 2005, an award of those benefits plus accrued interest, as well as other relief.

Defendant argues in response that Plaintiff's motion should be denied because she does not seek to construe, modify or enforce the provisions of the Court's March 21, 2008 final judgment. Rather, she seeks to assert new claims for relief based on purported misconduct after that date. Defendant further asserts, among other arguments, that Plaintiff cannot bootstrap her 2008 through 2010 alleged grievances against it into her 2006 lawsuit over two years after its dismissal.

Turning to my analysis, I agree with Defendant that a final judgment normally deprives the court of further jurisdiction and Plaintiff is not asking the Court to construe, modify, or enforce the judgment.  Accordingly, I find that her motion should be denied.  The finding of Magistrate Judge Mix of this Court in a case before her involving different parties applies equally in this case, as "Plaintiff is under the misimpression that a dismissal without prejudice means that [s]he can reopen the present case.  Rather, dismissal without prejudice means that Plaintiff may, if appropriate, file a new case. . . ."  *Stine v. Wiley*, No. 06-cv-02105-WYD-KLM, 2010 WL 3516634, at *1 (citing *Barone v. United Airlines, Inc.*, 355 Fed. Appx. 169, 179 n. 6 (10th Cir. 2009) (unpublished opinion) (noting that "voluntary dismissal without prejudice leaves the parties as though the action had never been brought") (citation omitted)); *Green v. Schroeder*, No. 05-cv-02634, 2006 WL 1182474, at *2 (D. Colo. May 2, 2006) (unpublished decision) (recognizing that a dismissal without prejudice permits a party "to file a new case addressing the same claims").

I also note that Plaintiff's initial motion cited no authority for the request to reopen the case.  In her reply brief, Plaintiff cites the Tenth Circuit's decision in *Graham v. Hartford Life and Accident Ins. Co.*, 501 F.3d 1153 (10th Cir. 2007) as support for her request.  I find that *Graham* does not support her motion.  *Graham* dealt with the finality of a district court's decision to remand a benefits determination to the plan administrator, not the issue of reopening a case by the district court.  *Graham* held that while courts have disregarded administrative entries in the docket regarding the status

of an ERISA case, including entries reflecting the case has been terminated, this is only when the last district court decision was not a final judgment. *Id.* (citing cases).

In this case, unlike *Graham*, there was a final judgment in the case. Further, my Order did not reference the parties' ability to reopen the case after a decision on remand. Instead, the Order dismissed the case without prejudice and judgment was entered. The dismissal without prejudice did not leave Plaintiff without a remedy. Instead, the dismissal of the case without prejudice contemplated that any alleged errors while the case was on remand to the plan administrator could be brought to the Court's attention through a new lawsuit. Thus, Plaintiff has an adequate remedy and does not need to reopen this case, particularly since she has not raised any issues of prejudice resulting from the dismissal without prejudice such as the running of the statute of limitations.

Based on the foregoing, it is

ORDERED that Plaintiff's Motion to Reopen Case After the Plan's Final Decision on Remand (ECF No. 86) is **DENIED**.

Dated: October 29, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge